Case 70—ACTION BY THE CITY OF FRANKLIN AGAINST
J. K. CALDWELL AND OTHERS, TO RECOVER OF THEM
MONEY DEPOSITED IN AN INSOLVENT BANK OF
WHICH DEFENDANTS WERE DIRECTORS.—Oct. 12.

## City of Franklin v. Caldwell, &c.

Appeal from Simpson Circuit Court.

W. P. SANDIDGE, Circuit Judge.

From the judgment granting partial relief, the
Plaintiff appeals. Affirmed.

Banks—Declaring Dividends—Statute—Liability of Directors—It
is the duty of bank directors to use ordinary care to acquaint
themselves with the condition of the business of the bank and
to exercise reasonable control and supervision of the officers,
and in declaring dividends they will not be permitted to shield
themselves from personal liability under the statute (Kentucky
Statutes, sections 538, 548, 596 and 598), upon the ground
that they did not knowingly violate its provisions.

ROARK and FINN for appellants.

We submit that where a bank was insolvent when a dividend,
which had not been earned, was declared by the·directors, without
complying with the statutory requirements, as set out in Ky.
Statutes, sections 548 and 598, and where under the evidence
none of these facts were in dispute, the lower court erred in not
giving a peremptory instruction to the jury to find for the plaintiff
in an action against the directors of such bank, for the whole
amount of his deposit therein. The legislature never purposely
intended to place a less civil liability upon directors of banks for
unlawfully declaring a dividend, than upon directors of other
corporations. (Ky Statutes, Sections 538, 548, 550, 596 and 598.)

Geo. C. HARRIS and SIMS & GRIDER for appellee.

We contend that if directors of a bank are to be held liable in-
dividually or otherwise, when they declare a dividend in good
faith, fully believing that the condition of the bank justifies it,
when the Cashier reports net earnings sufficient to do so, when
they fully believe that they are acting for the best interest of all
concerned, it will be a wide departure from the plain letter of
the Statute.

City of Franklin v. Caldwell, &c.

If he "knowingly" violates the law he is acting in bad faith.
If he does not "knowingly" violate the law, but acts upon his
best judgment under all the facts before him, he certainly is
not liable. (Branam v. Loving, 82 Ky., 370; Ky. Statutes, Secs.
538, 539, 548, 596 and 598.)

OPINION BY JOHN D. CARROLL, COMMISSIONER.—
Affirming.

The J. A. McGoodwin Banking Company, a corpo-
ration, made a general assignment for the benefit of
creditors in December, 1904. At the time of the
assignment the appellees were directors of the bank,
having been elected in January, 1904. The capital
stock of the bank was $15,000, and, on April, 1904, the
directors declared a dividend of 5 per cent, on the
capital stock, payable to the stockholders. At the
time the dividend was declared the bank was insol-
vent, and after deducting from its available assets
the bad and suspended debts, its liability to the depos-
itors was several thousand dollars more than the
value of all its assets. The appellant, the city of
Franklin, at the time the dividend was declared, had
on deposit in the bank in the name of its treasurer
$3,000, and on the day the bank assigned had on de-
posit $4,666, and to recover this sum from the direct-
ors this action was instituted by the city. An agreed
statement of facts was made up, showing that at the
time the dividend was declared the directors did not
know the bank was insolvent, nor did they know the
condition of the bank; and it may be conceded that
they acted in good faith, and with ordinary care
and prudence. Judgment was rendered against the
directors for the amount of the dividend, and both
parties appeal.

The appellant insists that it was entitled to the full
amount claimed, while the appellees contend that judg-
ment should have been rendered in their favor. The
correct adjudication of this case depends upon the

proper construction of sections 538, 548, 596 and 598 of the Kentucky Statutes of 1903. These sections are found in the chapter relating to private corporations. This chapter is divided into several articles: article 1 contains provisions relating to corporations generally and article 2 contains the general statutory law relating to incorporated banks.

Section 538 of article 1 reads: "Any number of persons, not less than three, may associate to establish a corporation for the transaction of any lawful business, or to form or conduct any legitimate object or purpose under the provisions of and subject to the requirements of this article; but banking, building and loan, trust, insurance and railroad corporations shall, in addition to the provisions of this article, which are not inconsistent with the laws relating especially to them, be organized in the manner and subject to the provisions of such laws."

Section 548, also a part of article 1, provides: "If the directors of any incorporated company shall declare and pay any dividend when the corporation is insolvent, or any dividend the payment of which would render it insolvent or which would diminish the amount of its capital stock, they shall be jointly and severally individually liable for all debts of the corporation then existing, and for all that shall thereafter be incurred while they or a majority of them continue in office."

Section 596, in article 2, provides: "The board of directors may declare a dividend of so much of the net profits of the bank, after deducting therefrom all expenses, losses, bad or suspended debts, interest and taxes created or due from the bank as they may deem expedient. And all debts due to the bank on which interest is due and unpaid for six months, unless the same be well secured, or in process of collection, shall be considered bad or suspended debts within the meaning of this section; but before any dividend is

declared, not less than one-tenth of the net profits of the bank for the period covered by the dividend shall be carried to a surplus fund until such surplus amounts to twenty per cent. of its capital stock.''

Section 598 of article 2 declared that: ''If any director or directors of any bank shall knowingly violate or permit any officer or employe of the bank to violate any of the provisions of the law relating to banks, the directors so offending shall be jointly and severally individually liable to the creditors and stockholders for any loss or damage resulting from such violation; and if any such loss or damage be not made good within a reasonable time, it shall be the duty of the Secretary of the State, with the consent of the Attorney General, to institute such proceedings as may be necessary to forfeit the charter of such bank.''

The action of appellants is based on section 548 supra, and it is insisted for it that under this section the directors are liable not only for the amount of its deposits when the dividend was declared, but for the deposit thereafter placed in the bank; and that this liability attaches without reference to whether the directors knew the condition of the bank or not, as the word ''knowingly'' is omitted from this section, and their liability does not depend upon their knowledge of the condition of the bank, but results from the fact that they declared a dividend when the bank was insolvent  It is argued that although section 538, supra, provides ''that banking corporations shall in addition to the provisions of this article, which are not inconsistent with the laws relating especially to them, be subject to the provisions of such laws,'' that section 598 of article 2, fixing the liability of the directors in the event they knowingly declare a dividend when the bank is insolvent, or without deducting bad or suspended debts, is not inconsistent with section 548, and therefore section 548, controls and fixes the liability of the directors in this case.  Counsel say it was not con-

templated by the Legislature that the directors of a bank should be subjected to less liability than the directors of ordinary business corporations; but that, on the contrary, they should be held to a stricter accountability, because of the opportunity afforded them to misappropriate the money of the depositors by declaring dividends payable to them and other stockholders out of the funds of the bank

For appellees it is said, that their liability is fixed by the provisions of the article relating to banks, and section 598 thereof, and that under this section the directors are not liable at all unless they "knowingly" declare a dividend in violation of section 596; and that if they should declare a dividend in violation of this section, they are only liable for any loss or damage resulting from such violation; and that it being conceded by the agreed state of facts that the directors did not know the condition of the bank, they are not liable to the creditors in any sum. Previous to the enactment in 1893 of the chapter on private corporations, there was no general law regulating the liability of directors or officers of banks or other corporations, and it was held in Brannin v. Loving, 82 Ky. 370 6 Ky. L. R. 328, 1884, that bank directors were only required to exercise the same care that an ordinarily prudent man would in his own business of like character, and were only personally liable when they failed to exercise this degree of care, or were guilty of gross neglect. In Savings Bank v. Caperton, 87 Ky. 306, 10 Ky. L. R. 201, 8 S. W. 885, 12 Am. St. Rep. 488, an action brought by depositors against the directors of a bank, to recover money deposited by them in the bank, and which was lost by reason of the embezzlement of the funds by the cashier, this court said: "The only question presented in this case is whether the directors acted in good faith and with ordinary care and diligence in the conduct of the affairs of the bank, or

such diligence as ordinarily prudent men would have exercised with reference to the conduct of such moneyed institutions.   It is not a question of how the fraud of the cashier might have been discovered, but were these directors guilty of gross neglect, which means an absence of that diligence that ordinarily prudent men in the conduct of such business would have exercised.'' So that, previous to the enactment of these statutes, directors of banks were only liable when they failed to exercise such care and diligence in the management and conduct of its affairs as ordinarily prudent men would have exercised.

In the management of corporations, and especially banks, it is important in the interest of both stockholders and depositors and all persons having business with the bank, or corporation, that the directors shall be good business men, solvent and responsible; and ,generally speaking, the directors of corporations are composed of this class of our citizenship.   In the management of small corporations, and especially small banking institutions, the directors are rarely either bookkeepers  or  accountants, and have little knowledge of the bookkeeping methods employed in these institutions.   More frequently than otherwise, they do not receive a compensation for their services, or devote much of their time to the affairs of the corporation, leaving the management of its details to the cashier and other salaried officers who are directly charged with the conduct of its business.   When the directors, as in this case, select as they believe, honest, faithful and capable cashiers and clerks, they are obliged to rely largely upon the statements of these employes as to the condition and standing of the bank, and must trust to them the active management of its affairs.  Whilst directors of banks  and other corporations who voluntarily assume the duty of looking after the interests of the concern should be held to a reasonable accountability for the acts of the persons

whom they employ, and have the right to discharge at any time, their liability should not be so burdensome as to prevent solvent and capable men from accepting these positions of trust. Directors of corporations give credit and character to the institution with which they are connected by reason of the fact that the public have confidence in their integrity and business qualifications, and when they accept these positions of trust, and hold themselves out as having charge of the affairs of the corporation, whether it be a bank or not, fairness to those dealing with the corporation demand that the directors should be held responsible for the direct loss that results from declaring dividends prohibited by the statute. A less measure of liability than this, would be unjust to the creditors and depositors, and a greater degree would result in depriving corporations, and especially banks, of the services of solvent and upright directors.

Few responsible men could be induced to become directors in corporations if the position carried with it liability for all debts of the corporation, although the directors had exercised the highest degree of care in selecting the officers, and acted in good faith and with ordinary prudence in conducting its affairs. To fix the liability of directors of corporations by the strict letter of section 548, and make them liable for all debts of the corporation, if they declare any dividend when it is insolvent, or which would render it insolvent, although in declaring the dividend they acted in good faith based on an honest belief in the correctness of the statements made by the cashier and other officers of the corporation, would be giving to this statute an interpretation not intended by the legislative department in its enactment. This section of the statute should be so construed as to limit the liability of directors to the amount of the dividend declared, when the facts show that in declaring it they have acted in good faith, and have used ordinary care

and diligence in the conduct of the affairs of the institution. This section, when so construed, is not in conflict with, and should be read in connection with, section 598. There is no reason why directors of banks should be held to a less accountability than the directors of other corporations; but if section 598 is construed to meet the views of counsel for appellee, bank directors would be virtually exempt from liability, however careless they might be in the management of the affairs of the bank. The directors of banks are the only persons who can declare dividends, and section 596 before quoted provides when they may declare dividends; and if in violation of this statute a dividend is declared, the directors will not be permitted to shield themselves from liability upon the ground that they did not knowingly violate its provisions. It is the duty of bank directors to use ordinary care to acquaint themselves with the condition of the business of the bank, and to exercise reasonable control and supervision of its officers. That which they ought, by proper diligence, to have known, they will be presumed to have known in a contest between the corporation and those who do business with it, and have the right to believe that its directors have exercised ordinary care and prudence in the management of its affairs. United Society of Shakers v. Underwood, 9 Bush, 609, 15 Am. Rep. 731; Martin v. Webb, 110 U. S. 7, 3 Sup. Ct. 428, 28 L. Ed. 49. In declaring and paying out dividends when the corporation is insolvent, or its finances are not up to the standard imposed by the statute, the directors take away from the creditors a fund they have a right to look to for the payment of their debts, and, when this fund is restored by the directors, the creditors are placed in the same position they would have been if the fund had not been diverted. This construction of these statutes imposes a greater obligation on directors than was exacted of

them under the law as it existed previous to these enactments, and is, in our judgment, fair and just to the directors and persons dealing with the corporation.

The judgment of the lower court conforms to these views and is affirmed.